Fox v 12 E. 88th LLC (2019 NY Slip Op 01707)





Fox v 12 E. 88th LLC


2019 NY Slip Op 01707


Decided on March 12, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 12, 2019

Friedman, J.P., Richter, Kahn, Oing, Moulton, JJ.


7568 651786/17

[*1]Barry Fox, et al., Plaintiffs-Respondents-Appellants,
v
12 East 88th LLC, Defendant-Appellant-Respondent.


Rose & Rose, New York (Paul Coppe of counsel), for appellant-respondent.
Gibson, Dunn & Crutcher LLP, New York (Caitlin J. Halligan of counsel), for respondents-appellants.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered August 15, 2017, which, to the extent appealed from as limited by the briefs, denied plaintiffs' motion for summary judgment, and denied defendant's cross motion for summary judgment dismissing the complaint, unanimously modified, on the law, to grant defendant's cross motion to the extent of dismissing the first two causes of action and declaring, on the third cause of action, that plaintiffs were in default and thus were not entitled to purchase the apartment at the discounted price, and otherwise affirmed, without costs.
In 1975, plaintiff Barry Fox leased a rent-stabilized apartment at 12 East 88th Street in Manhattan from nonparty Nostra Realty Corp. In 1996, Fox agreed with Nostra to combine his apartment with a neighboring unit, and to enter into a market rate lease. At the time the units were combined and purportedly deregulated, the building was receiving J—51 tax benefits. In 2008, at Fox's suggestion, Nostra entered into a renewal lease with plaintiff MBE Ltd., an entity wholly owned by Fox, with the understanding that Fox would continue to occupy the apartment. MBE subsequently executed renewal leases, and Fox continued to live in the apartment.
In 2014, defendant purchased the building and informed Fox that the lease would not be renewed. Fox then commenced an action (the related action) against defendant and Nostra, maintaining that the apartment was improperly deregulated in 1996 because the building was receiving J-51 benefits at that time (see Roberts v Tishman Speyer Props., L.P., 13 NY3d 270 [2009]). Several months later, in October 2014, plaintiffs stopped paying rent on the apartment [FN1]. Defendant and Nostra subsequently sought summary judgment in the related action arguing that, regardless of the earlier receipt of J-51 benefits, the apartment was deregulated in 2008 when the lease was issued in the corporate name of MBE instead of Fox's name. In October 2016, the court in the related action determined that the unit was rent-stabilized, and referred the calculation of any rent overcharge damages to a special referee.
Meanwhile, in December 2015, defendant undertook a conversion of the building into a condominium, and in a February 2017 amendment to the offering plan, offered a discounted purchase price to tenants in occupancy who were not in default under the terms of their leases. In response, Fox tendered a signed purchase agreement and down payment to defendant. Defendant rejected the purchase agreement and returned the down payment to Fox, stating, inter alia, that Fox was ineligible for the offer because he was in default under his lease for failure to have paid any rent since October 2014.
Plaintiffs then brought this action for breach of contract, declaratory relief, and specific [*2]performance directing defendant to execute the purchase agreement and close on the sale of the apartment. Both sides moved for summary judgment, and in a decision entered August 15, 2017, the motion court denied the motions. The court found that the question of whether plaintiffs were in default, and therefore ineligible to buy at the discounted price, was premature because the special referee in the related action had not yet determined the amount of arrears or overcharges.
On April 3, 2018, this Court reversed the court in the related action, holding that, apart from the J-51 issue, the apartment was not rent-stabilized because, in 2008, Fox had substituted MBE as the sole tenant to the lease, which caused the unit to be deregulated (Fox v 12 E. 88th LLC, 160 AD3d 401, 402-403 [1st Dept 2018], lv denied 32 NY3d 911 [2018]).
In light of that decision, we find that defendant is entitled to summary judgment in this action. There is no dispute that, at the time of the offering plan and its amendments, plaintiffs were in default since they had failed to pay rent since October 2014. Further, because it is now settled that the unit was not rent-stabilized during the relevant period, there are no overcharges to be assessed against defendant. Thus, plaintiffs were not entitled to purchase the apartment at the discounted price. Contrary to plaintiffs' assertion, the court in the related action did not enjoin defendant from collecting rent. Rather, the court's order merely stayed further proceedings in that action, including the referee's calculation of overcharges or arrears.
There is no merit to plaintiffs' contention that they cannot be found to have been in default because there was no judicial declaration of default at the time defendant offered the discounted price. No provision of the offering plan, or its amendments, requires such a judicial declaration. Plaintiffs' reliance upon Wissner v 15 W. 72nd St. Assoc. (87 AD2d 120 [1st Dept 1982], affd 58 NY2d 645 [1982]) is misplaced. Contrary to plaintiffs' reading, that case does not support the broad proposition that a court determination of ineligibility must have been made prior to a building owner's rejection of a proposed purchaser.
We do not address the merits of plaintiffs' unpreserved claim that the February 2017 amendment to the offering plan was inconsistent with the statute governing condominium conversions. Plaintiffs did not raise this claim below, and we decline to review it in the interest of justice. In light of our conclusion, we need not reach defendant's alternative arguments.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 12, 2019
CLERK



Footnotes

Footnote 1: Although plaintiffs allege, in their appellate briefs, that defendant stopped accepting Fox's rent checks, they cite to no record support for that assertion.